# IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:**<br><br>**PMC MARKETING CORP**<br><br><br>**Debtor(s)** | **CASE NO.  09-02048**<br>**Chapter   7**<br><br>**Adversary No. 12-00094** |
| **NOREEN WISCOVITCH RENTAS**<br>**CHAPTER 7 TRUSTEE**<br><br>**Plaintiff**<br>**vs.**<br><br>**SUR CSM PLAZA INC**<br><br>**Defendant(s)** | <br><br><br><br><br><span style="color:red">**FILED & ENTERED ON 09/05/2014**</span> |

OPINION AND ORDER

Before the court is Creditor/Defendant's Motion for Summary Judgment [Dkt. No. 25] and Trustee/Plaintiff's Opposition to Defendant's Motion for Summary Judgment and accompanying Responses [Dkt. No. 26, 27, 28, 29, 30, 32, 33]. For the reasons set forth below, Defendant's Motion for Summary Judgment is DENIED.

I. Background

Debtor, PMC Marketing Corporation, filed a voluntary chapter 11 bankruptcy petition on March 18, 2009. On March 2, 2012, Debtor's Chapter 7 Trustee (the "Trustee") filed an adversary proceeding to recover $32,171.90 against Defendant SUR CSM Plaza, LLC. Defendant answered the

Trustee's adversary proceeding on April 5, 2012, claiming that the rent payments made by the Debtor occurred during ordinary course of business and thus cannot be returned to the Debtor's estate. Defendant's Motion for Summary Judgment and Plaintiff's opposition followed.

II.  Summary Judgment Motion

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation." Patco Constr. Co. v. People's United Bank, 684 F.3d 197, 206-07 (1st Cir. 2012) (quotation marks omitted).

In the summary judgment motion presently before the court, Defendant argues that there are no genuine issues as to any material facts and that therefore the moving party is entitled to judgment as a matter of law. Defendant argues that even though Plaintiff alleges that Debtor made a payment of $32,171.90 ninety days prior to the filing of its bankruptcy petition, Debtor made a late payment of $16,085.95 on January 9, 2009, within a 90 day period, that qualifies such payment to be made during an ordinary course of business by a tenant to the landlord.

In opposition, Plaintiff argues that Defendant made no effort to evince how the alleged payments fall within the ordinary course of business.  Further, Plaintiff alleges that there is no set pattern between the parties' payments. Plaintiff clarifies that during the 18 month period prior to the last payment Debtor not only made late payments on different days of the month, but also missed payments or made two payments during several months. Plaintiff further explains Debtor only made 15 payments within such 18 months period.

After reviewing the Plaintiff's arguments, and the relevant law, this Court concludes that there are genuine issues as to material fact and that the moving party is not entitled to judgment as a matter of law.  In a motion for summary judgment, in order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or demonstrate that the nonmoving party does not have sufficient evidence of an essential element to carry its ultimate burden of persuasion at trial. Lopez v. Corporacion Azucarera de Puerto Rico, 938 F.2d 1510, 1516-17 (1st Cir. 1991); High Tech Gays v. Defense Indus. Sec. Clearance Office, 895 F.2d 563, 574 (9th Cir.1990).

This Court has previously explained the ordinary course of business exception that: "[The exception] thrives from the core of bankruptcy preference law. As such, this exception cries to strike a dragon-fly landing-like balance between shielding payments received by creditors to the extent that those creditors who remain committed to a debtor during times of financial distress, and maintaining an elastic area of flexibility to creditors in dealing with the debtor so long as the steps taken are consistent with customary practice among specific industry participants." In re PMC Mktg. Corp., 499 B.R. 214, 219 (Bankr.D.P.R. 2013). "Under the first two prongs of §§ 547(c)(2) and 547(c)(2)(A), Defendant needs to demonstrate, by a preponderance of the evidence, that the specific transaction was ordinary as between the parties. So while a late payment is usually non-ordinary, the defendant can rebut this presumption if late payments were the standard course of dealing between the parties." Id. at 220. (citations omitted). Therefore, "Defendant must establish a "baseline of dealings" between the parties to enable the court to compare the payment practices during the preference period with the prior course of dealing. Id. (citation and internal quotations omitted). As stated in Plaintiff's opposition to Defendant's summary judgment, there is no baseline of dealings

between the two parties. In fact, during the 18 months period prior to the last payment Debtor not only made late payments on different days of the month but Debtor also missed payments or made duo payments during several months.

Under the ordinary course of business exception, Defendant could also meet the exception's requirements under 11 U.S.C. § 547(c)(2)(B). However, because the Defendant did not pose any contentions under this section, the court will not delve unnecessarily into such for judicial economy purposes.

WHEREFORE, IT IS ORDERED that Defendant's Motion for Summary Judgment shall be, and it hereby is, DENIED. Clerk to schedule a pre-trial hearing.

SO ORDERED

San Juan, Puerto Rico, this 5th day of September, 2014.

Brian K. Tester
U.S. Bankruptcy Judge